FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAJ KUMAR,

        Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 06-70636

Agency No. A079-268-226

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 12, 2010
San Francisco, California

Before: SILVERMAN, FISHER and M. SMITH, Circuit Judges.

    Raj Kumar, a native and citizen of India, petitions for review of the Board of

Immigration Appeals' (BIA) denial of his application for asylum, withholding of

removal and relief under the Convention Against Torture. We have jurisdiction

under 8 U.S.C. § 1252 and we grant the petition and remand for further

proceedings.

    [*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The BIA adopted and affirmed the Immigration Judge's (IJ) adverse credibility finding "to the extent that the Immigration Judge based them on inadequately explained material inconsistencies and lack of reasonably available corroboration." In particular, the BIA relied on Kumar's Hindu name, comments he made during his asylum interview, differences between his father's two affidavits and a failure to "provide[] evidence of his continued participation in the Sikh religion."

First, Kumar's Hindu name is not substantial evidence that he is not a practicing Sikh. Neither the BIA nor the IJ grappled with Kumar's explanation that he has a Hindu name because he was born Hindu and converted to Sikhism. *Cf. Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir. 2004) (remanding when petitioner "was denied a reasonable opportunity to explain what the IJ perceived as an inconsistency in her testimony").

Second, Kumar's testimony before the IJ that he had told the asylum officer a major Sikh holiday falls "between [April] 13th and April 16th" is not substantial evidence to support an adverse credibility finding. This statement was accurate and, at most, imprecise. To the extent the IJ relied on other statements in the Assessment to Refer, that was also improper. *See Singh v. Gonzales*, 403 F.3d 1081, 1089-91 (9th Cir. 2005) (concluding that comments in an Assessment to

2

Refer could not serve as substantial evidence supporting the IJ's adverse credibility finding absent indicia of reliability).

Third, although there were differences in the two affidavits that Kumar submitted from his father, the IJ does not appear to have found those differences sufficient *standing alone* to support the adverse credibility finding. The earlier affidavit says police visited the family home a "few times" and beat Kumar's father. The later affidavit says police were "frequently visiting," did not mention any beating and said there was a court case or a criminal case pending against Kumar. The IJ concluded that "[t]hese contradictions *as well as the [other] concerns* about Mr. Kumar are sufficient to find the respondent's [sic] to be not credible . . . ." (Emphasis added.) Because the other "concerns" are improper, we hesitate to affirm the adverse credibility finding solely on the basis of these differences in the affidavits.

Finally, the BIA and IJ erred by relying on Kumar's failure to present evidence to corroborate his attendance at Sikh religious facilities. The IJ did not give Kumar a reasonable opportunity to explain the absence of corroborating evidence. For example, when the IJ asked Kumar why he had not produced a witness to confirm that he attended Sikh facilities in San Jose and Fremont, Kumar responded "I haven't brought it, but I can bring it." Thereafter, the IJ never asked

3

Kumar to make good on that offer yet then relied on the absence of any such witness to find that Kumar lacked credibility. That was unfair. *See Joseph v. Holder*, 600 F.3d 1235, 1246 n.9 (9th Cir. 2010) (holding in a pre-REAL ID Act case that "[t]he IJ . . . erred by not giving [petitioner] an opportunity to explain his failure to provide additional corroborating evidence").

Because "each of the [BIA]'s . . . proffered reasons for an adverse credibility finding fails," *Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir. 2004), we vacate that finding.

The BIA held alternatively that even if Kumar had testified credibly he "did not establish that the purported criminal investigation had or has 'no bona fide objective, so that political persecution must have been the real reason for it.'" *Dinu v. Ashcroft*, 372 F.3d 1041, 1044-45 (9th Cir. 2004). Kumar had a burden to establish that any mistreatment was or will be inflicted *at least in part* on account of a protected ground; he was *not* required to *disprove* any bona fide purpose for the way police treated him. *See Borja v. INS*, 175 F.3d 732, 735 (9th Cir. 1999) (en banc) (petitioner need only show that harm was motivated *at least in part* by an actual or implied protected ground); *cf. Dinu*, 372 F.3d at 1044-45 (noting that petitioners who lack affirmative evidence of their persecutors' motivation can rely on a presumption that persecutors' motive is political if the record reveals "no

4

other logical reason for the persecution at issue") (internal quotation marks omitted).

In summary, we vacate the adverse credibility finding and the finding that Kumar could not have been persecuted on account of a protected ground. On remand, the BIA may reexamine Kumar's credibility, especially because we reject the adverse credibility in part because the IJ failed to address either Kumar's explanation of inconsistencies or his offer to produce corroborating evidence. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th Cir. 2009). If necessary, the BIA may also reexamine whether Kumar has carried his burden of establishing persecution "on account of" a protected ground, but any such reexamination must account for the possibility of mixed motives.

**PETITION FOR REVIEW GRANTED IN PART; REMANDED.**

Kumar v. Holder, No. 06-70636

SILVERMAN, Circuit Judge, concurring:

I concur in the result. We previously have found "that IJs and the BIA are not free to ignore arguments raised by a petitioner." *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005). Here, in his brief to the BIA, Petitioner explicitly challenged the IJ's reliance on the asylum officer's assessment to refer to discredit his removal hearing testimony. The BIA's failure to address the argument in its two-page decision was error. The error was particularly significant because the assessment to refer played such a substantial role in the IJ's adverse credibility determination. I would remand the case to the BIA to consider Petitioner's argument in the first instance and, if necessary, to reevaluate its adverse credibility finding.